IN THE UNITED STATED DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA
AT LINCOLN

| | |
|---|---|
| JANE DOE, individually and as next friend of JOHN DOE, a minor,<br><br>Plaintiff,<br><br>vs.<br><br>LINCOLN PUBLIC SCHOOLS,<br><br>Defendant. | Case No:<br><br>COMPLAINT AND DEMAND FOR JURY TRIAL |

COMES NOW, JANE DOE, individually and as next friend of JOHN DOE, a minor, and as her Complaint against the Defendant states:

<u>The parties</u>

1. Plaintiff JANE DOE is an adult resident of Lancaster County, Nebraska.

2. Doe is the mother of JOHN DOE, a male minor child.

3. JOHN DOE is a minor resident of Lincoln, Lancaster County, Nebraska.

4. Defendant Lincoln Public Schools, (hereinafter, "LPS"), is a political subdivision, generally known as the public school district for the Lincoln, Nebraska area.

5. LPS is an educational institution operating various education programs and/or activities and is a recipient of federal financial assistance from the United Stated Department of Education.

1

Jurisdiction and venue

6. This Court has subject matter jurisdiction over this action as the action raises a federal question.

7. This Court has personal jurisdiction over LPS as LPS is a political subdivision located within Nebraska.

8. Venue is appropriate in this Court as all parties are residents of, or located within, Lincoln, Nebraska.

Relevant law and background facts

9. Between April 3, 2019 and April 5, 2019, JOHN DOE and another LPS student, to wit: B.A. (a male minor child) were in Virginia as part of an LPS arranged and/or sponsored trip to Washington, D.C., (hereinafter, "the trip"). At that time, JOHN DOE and B.A. were both Students in the LPS system, attended Scott Middle School, were in the same grade, and were approximately the same age (14 years old).

10. The trip was an LPS educational program and/or activity.

11. During the trip, B.A. and JOHN DOE shared a hotel room along with two other LPS students.

12. At some point during the overnight hours from April 3, 2019 to April 4, 2019 and while JOHN DOE was sleeping, B.A. began masturbating in their shared hotel room. B.A. masturbated to the point of ejaculation. When he ejaculated, he intentionally ejaculated on JOHN DOE's face.

13. JOHN DOE learned of B.A.'s actions on the morning of or about April 4, 2019, when B.A. told JOHN DOE of B.A.'s actions. B.A. also told JOHN DOE that B.A.

2

made a video recording of B.A.'s masturbating and ejaculating on JOHN DOE's face.  B.A.'s actions as described herein were unwelcomed, and unconsented to by JOHN DOE

14. B.A.'s actions of masturbating in JOHN DOE's presence, ejaculating on JOHN DOEs face, and recording such actions, are collectively referred to as "the incident" hereinafter.

15. LPS provided adult chaperones for the trip, at least some of which who were LPS employees, who learned of the incident on or about April 4, 2019 and reported the incident to LPS authorities in Lincoln at some point either on April 4, 2019 or April 5, 2019.

16. When the chaperones who were LPS employees learned of the incident on April 4, 2019, LPS acquired actual knowledge of the incident.

17. LPS administration in Lincoln, including without limitation, Scott Middle School Principal/LPS employee Marcus Pedroza, (hereinafter, "Pedroza") had notice of the incident no later than April 5, 2019.

18. On or about April 8, 2019, Pedroza informed Doe that JOHN DOE was being removed from shared classes with B.A., and would spend a substantial part of the remainder of the spring 2019 semester completing coursework in the school's administration office.  This was the last conversation any LPS representative had with Doe about any of the matters alleged herein.

19. Upon information and belief, B.A. was eventually removed from Scott Middle School by officials from the Lincoln, Nebraska Police Department (hereinafter,

"LPD"), after Doe's representative called LPD to inform of the incident on or about April 9, 2019.

20. In the fall of 2019, B.A. and JOHN DOE were both planning on attending Lincoln Southwest High School (hereinafter, "LSW") as Freshmen.  Despite LPS's knowledge of the incident, and of the intended enrollment of JOHN DOE at LSW, LPS allowed B.A. to participate in football camp at LSW prior to the start of the fall 2019 semester, which caused JOHN DOE to not participate in football.

21. Eventually B.A. transferred from LSW to another school, and JOHN DOE started participating in football in 2019.

22. LPS did not contact Doe nor JOHN DOE prior to the start of football camp to assess whether JOHN DOE or Doe were agreeable to JOHN DOE and B.A. being on the same football team, or participating in football came with each other.

## CAUSE OF ACTION 1 – VIOLATION OF TITLE IX AGAINST LPS

23. LPS is required to comply with the provisions of Title IX of the Education Amendments of 1972 (Title IX), as amended, 20 USC § 1681 et seq., (hereinafter, "Title IX"), as well as all statutes and/or regulations implementing and/or enforcing Title IX, including without limitation, 34 CFR § 106.

24. 34 C.F.R. § 106.31(a) provides that no person shall, on the basis of sex, be subjected to discrimination under any education program or activity operated by a recipient.

25. Sexual harassment is unwelcome conduct of a sexual nature, and includes physical conduct of a sexual nature.

26. The incident was sexual harassment so severe, pervasive, and objectively offensive that it deprived JOHN DOE of access to educational opportunities and/or benefits provided by LPS. As such, the incident qualifies as sex discrimination which is prohibited by Title IX and/or 34 CFR § 106.

27. Title IX and 34 CFR § 106 require educational institutions which are recipients of federal financial assistance to promptly and equitably resolve Student complaints alleging any action prohibited by Title IX and/or 34 CFR 106, upon being placed on notice of the same.

28. No later than April 5, 2019 LPS had actual knowledge of the incident, which was an allegation of prohibited sex discrimination which occurred within an LPS educational program or activity.

29. Pedroza was an LPS school official who had authority to take corrective action to address the alleged complaints.

30. Upon acquiring actual knowledge of JOHN DOE's allegations of sex discrimination, LPS's response to the same has been clearly unreasonable, and deliberately indifferent in various manners, including without limitation the following:

    a. Failed to promptly and equitably resolve JOHN DOE's and Doe's complaint;

    b. Allowed or required B.A. to stay in the hotel room with JOHN DOE on the overnight from April 4, 2019 to April 5, 2019.

    c. Failed to immediately contact Doe upon learning of the incident on April 4, 2019;

    d. Failed to inquire of Doe about her desires regarding B.A. and JOHN DOE sharing a hotel room overnight from April 4, 2019 to April 5, 2019.

    e. Failed to have the LPS Title IX coordinator or other appropriate LPS representative ever contact Doe or JOHN DOE to:

        i. discuss the availability of supportive measurers for JOHN DOE;

        ii. consider Doe's or JOHN DOE's wishes with respect to supportive measures;

        iii. inform Doe or JOHN DOE of the availability of supportive measures; and/or

        iv. inform Doe or JOHN DOE of the process to file a formal Title IX complaint.

    f. Temporarily removed JOHN DOE from class(es) shared with B.A.

    g. Failed to contact law enforcement or the Nebraska Department of Health and Human Services to report that JOHN DOE had been subjected to conditions or circumstances which reasonably could be viewed as child abuse or neglect;

    h. Failed to inquire with Doe and JOHN DOE about B.A.'s participation on the LSW football team prior to the start of football camp in 2019.

    i. Did not disallow B.A. from enrolling at LSW, which is where JOHN DOE was enrolled for the 2019-2020 school year prior to B.A.'s transfer from LSW.

31. LPS's inaction upon learning of the incident, deprived JOHN DOE of access to educational opportunities and/or benefits provided by LPS in that:

    a. The remainder of the trip after the incident was upsetting for JOHN DOE;

    b. JOHN DOE was removed from the classroom setting;

    c. JOHN DOE's was not able to focus on academics to the extent he could have had LPS's response to JOHN DOE's claims of sex discrimination not been clearly unreasonable; and

    d. B.A.'s presence at football camp in 2019 caused JOHN DOE to not participate in football until B.A. transferred from LSW.

32. LPS's actions and/or omissions alleged herein caused JOHN DOE to incur general damages in the form of exacerbation of embarrassment and humiliation, as well as exacerbation of mental trauma which B.A.'s actions caused, for all of which JOHN DOE will soon undergo counseling.  Further, LPS's acts and/or omissions alleged herein have caused Doe to incur future special damages in an amount not yet known to treat JOHN DOE's mental health trauma which LPS exacerbated by its acts and/or omissions alleged herein.

WHEREFORE, Plaintiff demands a jury trial to be had in Lincoln, Nebraska, and prays the court enter judgement in her favor individually and as next friend of JOHN

[THE REST OF THIS PAGE INTENTIONALLY LEFT BLANK]

DOE for special damages in an amount to be determined, and for general damages as may be determined at trial, and for attorney fees.

The above allegations are true and accurate to the best of my knowledge as of the date of execution of this document.

                                          Respectfully submitted,
                                          JANE DOE and JOHN DOE,
                                          Plaintiffs

                                          <u>/s/ F. Matthew Aerni</u>
                                          F. Matthew Aerni, #23617
                                          BERRY LAW FIRM
                                          6940 O Street, Suite 400
                                          Lincoln, NE 68510
                                          (402) 466-8444
                                          matt@jsberrylaw.com
                                          Attorneys for Plaintiffs