IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JANE DOE, individually and as next friend of JOHN DOE, a minor,<br><br>Plaintiffs,<br><br>vs.<br><br>LINCOLN PUBLIC SCHOOLS,<br><br>Defendant. | 4:20-CV-3102<br><br>MEMORANDUM AND ORDER |

The plaintiff, Jane Doe, is the mother of John Doe, and has alleged in her complaint a claim pursuant to Title IX of the Education Amendments of 1972. Filing 1. The defendant, Lincoln Public Schools (LPS), moves to dismiss the plaintiff's complaint for the failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons that follow, the Court will deny the defendant's motion at this initial stage of the proceedings.

I. STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion to dismiss, a complaint must set forth a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). This standard does not require detailed factual allegations, but it demands more than an unadorned accusation. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). For the purposes of a motion to dismiss a court must take all the factual allegations in the complaint as true, but is not bound to accept as true a legal conclusion couched as a factual allegation. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The facts alleged must raise a reasonable expectation that discovery will reveal evidence to substantiate the necessary elements of the plaintiff's claim. See *id.* at 545. The Court must

assume the truth of the plaintiff's factual allegations, and a well-pleaded complaint may proceed, even if it strikes a savvy judge that actual proof of those facts is improbable, and that recovery is very remote and unlikely. *Id.* at 556.

## II. BACKGROUND

According to the allegations in the plaintiff's complaint, between April 3 and 5, 2019, John Doe, and an individual identified here as B.A., attended the same LPS middle school. They were approximately the same age, and in the same grade in school. Filing 1 at 2. As part of an educational program, John Doe and B.A., along with several other students from the same middle school, took a trip to Washington, D.C. The trip was arranged, sponsored, and chaperoned by the defendant. John Doe, B.A., and two other boys were assigned to share the same hotel room. On the night of April 3, or in the early morning hours of April 4, while John Doe was asleep, B.A. made a recording of himself masturbating and ejaculating onto John Doe's face. Filing 1 at 2. B.A. told Doe what he had done the morning of April 4.[1]

The defendant's chaperones, some of whom were the defendant's employees, learned about the incident involving John Doe and B.A. on April 4. Filing 1 at 3. The incident was also reported to the defendant's administration in Lincoln, including the Principal of the students' middle school, no later than April 5. On April 8, the first Monday following the incident, John Doe was removed from all classes that he shared with B.A. On April 9, a person representing John Doe contacted the Lincoln Police Department (LPD) to report the incident. LPD responded by removing B.A. from school. Filing 1 at 3-4. Even with B.A. removed from school, the plaintiff alleged that John Doe

---

[1] The Court takes judicial notice that April 4, 2019, was a Thursday.

spent a substantial part of the 2019 spring semester completing coursework in the school's administrative office. Filing 1 at 3.

In the fall of 2019, John Doe and B.A. were both freshmen and planned to attend the same LPS high school. Filing 1 at 4. The defendant allowed B.A. to enroll in the same school as John Doe despite its knowledge of the April incident. B.A. was also allowed to participate in football camp prior to the start of the school year. B.A.'s participation in the football camp caused John Doe to not participate. Later, after B.A. transferred to another high school, John Doe started participating in football.

### III. DISCUSSION

In pertinent part, Title IX provides: "No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a). Individuals whose Title IX rights have been violated have a private right of action. *Cannon v. Univ. of Chicago,* 441 U.S. 677, 717 (1979).

Here, the plaintiff alleges a claim of sexual harassment. Sexual harassment and sexual abuse constitute discrimination under Title IX. *Franklin v. Gwinnett Cty. Public Sch.,* 503 U.S. 60, 75 (1992). Peer-on-peer, or student-on-student sexual harassment, if sufficiently severe, can rise to the level of discrimination actionable under Title IX. *Davis v. Monroe Cty. Bd. of Educ.,* 526 U.S. 629, 650 (1999). Recipients of federal funding are properly held liable in damages only where, with actual knowledge, they are deliberately indifferent to sexual harassment that is so severe, pervasive, and objectively offensive that it can be viewed as depriving the victim of access to educational opportunities or benefits that the school provides. *Id.*

The defendant's first argument for dismissal is that the plaintiff's complaint failed to allege facts showing that B.A.'s patently offensive conduct was "motivated by sexual desire." Filing 8 at 4. But harassing conduct need not be motivated by sexual desire to support an inference of discrimination on the basis of sex. *Oncale v. Sundowner Offshore Services, Inc.*, 523 U.S. 75, 80 (1998).

Liability under Title IX cannot, however, be imposed absent evidence showing that an appropriate person had actual knowledge of discrimination, which in a peer-to-peer harassment claim ordinarily requires more than after-the-fact notice of a single instance that a plaintiff experienced a sexual assault. *K.T. v. Culver-Stockton Coll.*, 865 F.3d 1054, 1058 (8th Cir. 2017). But under certain narrow circumstances, a single-incident sexual assault *may* be pervasive for the purposes of a Title IX claim concerning sexual harassment. *See Davis*, 556 U.S. at 650; *Doe 1 v. Howard Univ.*, 396 F. Supp. 3d 126, 136 n.2 (D.D.C. 2019); *Weckhorst v. Kansas State Univ.*, 241 F. Supp. 3d 1154, 1175 n.93 (D. Kan. 2017); *Roe ex rel. Callahan v. Gustine Unified Sch. Dist.*, 678 F. Supp. 2d 1008, 1027 (E.D. Cal. 2009); *T.Z. v. City of N.Y.*, 634 F. Supp. 2d 263, 270-71 (E.D.N.Y. 2009).

The plaintiff's complaint does not contain specific factual allegations regarding whether the defendant had prior knowledge that B.A. had a history of similar behavior, or was at risk for the kind of conduct that the plaintiff alleged occurred only on the night of April 3. Nonetheless, it is not unreasonable to anticipate that discovery may (or may not) lead to evidence substantiating the necessary elements of this aspect of the plaintiff's claim. *Twombly*, 550 U.S. at 554. Dismissal of the complaint is not an appropriate disposition at this pre-discovery stage of the proceedings.

The plaintiff's complaint, as well as her argument responding to the defendant's motion, seem more focused on the defendant's response, or the absence of a response, to B.A.'s conduct. According to the plaintiff, the defendant's response after obtaining actual knowledge of B.A.'s conduct subjected John Doe to further harassment. Filing 9 at 5-7. The question then becomes whether the defendant's response reflects a deliberate indifference to sexual harassment that is so severe, pervasive, and objectively offensive that it can be viewed as depriving John Doe of access to educational opportunities or benefits that the defendant provides. *Davis*, 526 U.S. at 650.

A funding recipient such as the defendant, who does not directly engage in harassment, may not be liable for damages unless its deliberate indifference, at a minimum, causes a student such as John Doe, to undergo harassment or makes the student liable or vulnerable to it. *Id.* at 644-45. The defendant here could be deemed deliberately indifferent to B.A.'s alleged act of student-on-student harassment only if its response to the harassment, or lack thereof, was clearly unreasonable in light of the known circumstances." *Id.* at 648; *Roohbakhsh v. Bd. of Tr. of Neb. State Coll.*, 409 F. Supp. 3d 719, 733 (D. Neb. 2019).

The injury in a Title IX action is a denial of an equal educational opportunity. *Farmer v. Kansas St. Uni.*, 918 F.3d 1094, 1105 (10th Cir. 2019). It is not necessary to allege physical exclusion to plead that a student has been deprived of an educational opportunity due to the actions of another student. *Davis*, 526 U.S. at 651. But the alleged harassment must have had a concrete, negative effect on the student/victim's education or access to school-related resources. *Id.* at 654.

The plaintiff listed several of the defendant's alleged actions, or inactions, which she asserts are clearly unreasonable and deliberately

5

indifferent. Filing 1 at 5-7. The plaintiff's list included inactions that have little discernable connection to John Doe's education or access to school-related resources. For example, the plaintiff asserts that the defendant failed to promptly and equitably resolve her complaint, failed to immediately contact her upon learning about the incident, and failed to contact law enforcement. The Court understands how these alleged inactions cause concern, but the plaintiff does not allege facts showing that these alleged inactions led to a concrete negative effect on John Doe's education or access to school-related resources.

The plaintiff's list also identified actions, or inactions, that are connected to John Doe's education or access to education outside of school and the classroom environment. In this regard, the plaintiff asserts that the defendant allowed or required John Doe to stay in the same hotel room with B.A. the night after the incident, and failed to ask the plaintiff whether John Doe and B.A. should stay in the same room the day after the incident. Filing 1 at 5-6. The options for separating John Doe and B.A. while on the trip were likely limited. However, doing nothing raises issues that require further development—if indeed nothing was actually done.

As alleged in the complaint, the trip to Washington, D.C. itself was a school-related educational opportunity. It is reasonable to infer that B.A.'s continued participation in the trip could potentially have had a concrete negative effect on John Doe's participation and access to an education-related, school sponsored, trip to Washington D.C. Discovery will reveal more—one way or the other. Here, the plaintiff must show that the defendant had substantial control over both B.A. and John Doe, and the context in which the harassment occurred. *Roe v. St. Louis Univ.*, 746 F.3d 874, 881 (8th Cir. 2014). It is reasonable to infer that discovery could reveal evidence that will shed light on

6

the plaintiff's claim regarding substantial control of the individuals, the context of the occurrence, and whether the defendant's actions or inactions were clearly unreasonable and had a concrete negative effect on John Doe's participation and access to a school-related educational experience.

In addition, the plaintiff alleged that the defendant failed to have its Title IX coordinator contact her to discuss the availability of supportive services for John Doe, or to inform her of the process to file a formal Title IX complaint. Filing 1 at 6. The failure to promulgate a grievance procedure, or the violation of administrative requirements does not, standing alone, constitute discrimination under Title IX. *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 292 (1989). But the failure of a defendant's Title IX coordinator to do something—or anything—in response to a known sexual harassment incident may constitute evidence of the defendant's deliberate indifference to student-on-student sexual harassment. *See Vance v. Spencer Cty. Public Sch. Dist.*, 231 F.3d 253, 262 (6th Cir. 2000). The plaintiff's allegations regarding the defendant's Title IX coordinator's alleged inaction are sufficient at this preliminary stage to deny the defendant's motion to dismiss this aspect of the plaintiff's claim.

Finally, the plaintiff alleged actions that had the potential to produce a concrete, negative effect on John Doe's education or access to school-related resources within the school and classroom environment. Those actions included temporarily removing John Doe from the classes he shared with B.A., allowing B.A. to enroll in the same LPS high school as John Doe, and allowing B.A. to participate in a summer football camp. Filing 1 at 6-7. The defendant, as a recipient of federal funds, may be liable in damages under Title IX—but only for its own misconduct. The defendant itself must have excluded John Doe from participation in, denied him the benefits of, or subjected him to

7

discrimination under the defendant's programs or activities in order to be liable under Title IX. *Davis,* 526 U.S. at 640-41.

Here, the plaintiff alleged that upon their return to the school building environment, the defendant removed John Doe, not B.A., the accused harasser, from the classes they shared. Filing 1 at 3. Although B.A. was later removed from school, his removal (according to the plaintiff) was not the defendant's doing, but was accomplished by the Lincoln Police Department following a telephone call placed by John Doe's representative. Filing 1 at 3-4. The plaintiff alleged that John Doe spent a substantial part of the remainder of the spring 2019 semester completing coursework in the school's administrative office notwithstanding B.A.'s removal from school. Filing 1 at 3. Again, discovery will reveal more—but some of the above actions or alleged inactions may lead to a potential showing of deliberate indifference resulting in the denial of school resources and educational opportunity.

Two other issues need further development: (1) Whether the above actions or alleged inactions could be viewed as causing John Doe to potentially suffer further harassment, or make him more liable or vulnerable to it, *see Davis,* 526 U.S. at 644-45; and (2) Whether allowing B.A. to enroll at the same high school that John Doe planned to attend, and participate in summer football camp, reflects deliberate indifference to the consequences of known student-on-student sexual harassment, and would have made John Doe vulnerable to further harassment, *see Farmer,* 918 F.3d at 1104-05.

## IV. CONCLUSION

There are a number of factual issues to be uncovered and sorted out in discovery. It is undisputed that B.A.'s actions are inexcusable. The issue is whether Title IX provides a remedy based on the defendant's alleged actions or inactions in this matter. On the facts alleged at this very preliminary stage,

there is enough for this matter to proceed forward with discovery. The Court must assume the truth of the plaintiff's factual allegations, and the reasonable inferences that arise therefrom, even if it strikes the Court that actual proof to substantiate those facts could be hard to obtain, and ultimate recovery difficult or even unlikely. *See Twombly,* 550 U.S. at 556. For these reasons, the defendant's motion to dismiss shall be denied.

IT IS ORDERED:

1. Defendants' motion to dismiss (filing 7) is denied.

2. This matter is referred to the Magistrate Judge for case progression.

Dated this 7th day of June, 2021.

BY THE COURT:

John M. Gerrard
Chief United States District Judge