# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JANE DOE, individually and as next friend of JOHN DOE, a minor, | Case No. 4:20-cv-03102-JMG-SMB |
| Plaintiff, | **PROTECTIVE ORDER** |
| v. | |
| LINCOLN PUBLIC SCHOOLS, | |
| Defendant. | |

Upon consideration of the parties' joint request for a protective order, (Filing No. 15), the Court enters the following Protective Order governing the disclosure of confidential discovery material by a producing party to a receiving party in this action.

1. **Scope of Protective Order.** This Protective Order shall govern all discovery and filings in this action. In the event information deemed Confidential Information under this Protective Order is contained in a filing with the Court, the Party will file a public copy with all Confidential Information redacted from the filing and will file a non-redacted copy under seal.

2. **Confidential Information.** All Confidential Information, as defined below, obtained through discovery in this action shall be used solely for the purpose of this action and for no other purpose, and shall not be disclosed to any person except in accordance with the terms hereof. The parties may designate as "CONFIDENTIAL" all Confidential Information, including any information of any type, kind, or character, which the disclosing party in good faith believes warrants such designation in order to preserve the non-public nature of the information and/or to avoid undue injury or embarrassment that may be caused by its disclosure. Confidential Information may include, without limitation:

a. Information that reveals, or could be used to reveal, the identity of Jane Doe John Doe, and B.A., including without limitation any information or compilations of information that could be used to ascertain their identities;

b. Personal identity information that is maintained as confidential;

c. Internal analyses or investigation that the designating parties has maintained as confidential;

d. Student education records pursuant to the Family Educational Rights and Privacy Act ("FERPA"), Neb. Rev. Stat. § 79-2,104, and other applicable laws and regulations;

e. Non-public information of individuals that are not parties to this action; and

f. Personal health information that is maintained as confidential.

**3. Designating Material as Confidential.** A Party to this action may designate as confidential any information produced by conspicuously stamping or labeling the document or discovery response with the word "CONFIDENTIAL." Any "CONFIDENTIAL" designation shall apply to all copies, experts, abstracts, analyses, and summaries thereof. The inadvertent failure to designate material as "CONFIDENTIAL" does not preclude a Party from subsequently making such designation, and, in that case, the material (and any copy of the material) is treated as such only after the material has been properly designated.

Parties also may designate deposition testimony as "CONFIDENTIAL" by advising opposing counsel in writing within 30 days after receipt of a copy of the transcript, or at such other time as may be mutually agreed upon by the Parties. The Party must designate the pages and lines of the deposition that the designating Party requires to be treated as confidential. All deposition transcripts shall be treated a confidential until the expiration of 30 days after the receipt of a copy

of the transcript unless otherwise agreed to by the Parties in writing or on the record at the deposition. A Party may, on the record at the deposition, designate deposition testimony as confidential by advising all persons present that the Party believes that a portion of the deposition falls under the scope of this Order.

4. **Disclosure of Confidential Information.** Confidential Information is to be treated as such by the Party or other person receiving the material and shall be utilized by such Party in accordance with the provisions of this Order. Except as agreed upon by the Parties, or ordered by the Court, disclosures of Confidential Information is limited to:

    a. The Parties;

    b. Persons with demonstrated, prior knowledge of the documents or the Confidential Information contained therein;

    c. Attorneys at the law firms of record in this matter, including their legal and clerical assistants and staff;

    d. Court personnel, including court reporters, persons operating video recording equipment at depositions, and any special master appointed by the Court;

    e. Any independent document reproduction services or document or video recording and retrieval services retained for purposes related to this action;

    f. Any expert witness or outside consultant retained or consulted by any of the Parties;

    g. Any mediator or arbitrator to whom the dispute between the Parties may be submitted;

h. Any insurer that may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy any possible judgment and that insurer's agents, employees, third-party administrators and affiliates;

i. Any attorneys, including their legal and clerical assistants and staff, who have entered into any common interest or joint defense agreements with any Party; and

j. Any other person agreed to in writing by the Parties or allowed by the Court. Counsel should advise all persons to whom discovery materials designated as Confidential Information are disclosed pursuant to this paragraph of the existence of this Order.

5. **Disputes Concerning Designation(s) of Confidential Information.** In the event that a Party disagrees with the designation of information as "CONFIDENTIAL," including redactions, the Party shall try to resolve the matter on an informal basis. Before filing any motion or contacting the Court regarding an objection to a designation the party must comply with Nebraska Civil Rule 7.1(i). The burden of proving the necessity of a confidentiality designation remains with the party asserting the designation. Until the Court rules on the challenge, all parties must continue to treat the materials as confidential under the terms of this Order.

6. **Binding Effect of This Order.** This Order is binding upon the Parties and their agents and employees, all counsel for the Parties and their agents and employees, and all persons to whom disclosure of discovery material or testimony is permitted pursuant to the terms of this Order.

7. **Use of Confidential Information.** Nothing in this Order shall restrict the right of a Party to use Confidential Information in any hearing, motion, or trial; provided, however, the Parties agree to cooperate prior to any such hearing or trial to develop appropriate procedures for the protection of such information from disclosure consistent with this Order. The Parties agree to

seek the issuance of any further Court Order(s) providing, to the fullest extent possible, that the use or disclosure of trial or hearing testimony and trial or hearing exhibits shall be subject to the same limitations and restrictions provided for Confidential Information under this Protective Order.

The Parties do not waive any right to object at trial to the admissibility of any Confidential Information or the right to file a motion in limine regarding the use of such Confidential Information. The Parties do not waive the right to seek appropriate protection of Confidential Information, either before or after such Information has been initially filed with the Court.

The Parties shall not voluntarily produce to any person or entity, including any federal, state, or local law enforcement or regulatory agency, or any employee thereof, any Confidential Information, unless commanded to do so by law or granted leave by Court. If any Party is requested to produce any Confidential Information, by legal process or otherwise, the Party requested shall notify the designating Party of such request within a reasonable time, but by no later than forty-eight hours, to enable the designating Party to take any actions it believes are necessary or appropriate to prevent production of the requested Information, which shall be at the sole option and shall be the sole responsibility of the designating Party. If any Party wishes to voluntarily produce any Confidential Information to another person or entity, including a federal, state, or local law enforcement or regulatory agency, that Party may seek consent of the designating Party or file an appropriate motion with the Court. Nothing herein shall preclude any other person or entity from taking any action it believes necessary or appropriate to contest production of any Confidential Information so requested.

8. **Effect of Designation.** Nothing contained in this Protective Order, nor any action taken in compliance with it, shall (i) operate as an admission or assertion by a Party that any

particular material is, or is not, actionable; (ii) subject to Paragraph 5, preclude the Parties from redacting unnecessary or immaterial information on records otherwise designated as CONFIDENTIAL; or (iii) prejudice the right of any Party to seek a Court determination of whether or not any particular material should or may be disclosed, or, if disclosed, whether or not it should remain designated as Confidential Information and subject to the terms of this Protective Order. Any Party may request the Court to modify or otherwise grant relief from any provision of this Protective Order. Nothing in this Protective Order shall operate as an admission or assertion by any Party that any particular material is, or is not, admissible into evidence.

9. **Inadvertent Disclosure/Privileged Information.** The inadvertent disclosure by a producing Party of Confidential Information or documents that are attorney-client privileged or work product shall not constitute a specific or general or subject matter waiver of the attorney-client privilege; of any immunity, right, or privilege a Party may have under the work product doctrine; or of any other right, privilege or immunity with respect to such Confidential Information or with respect to any other document, material, testimony, or thing related thereto. In the event that any material that a producing Party claims to be privileged or immune from discovery has been produced but inadvertently not redacted or not marked as "CONFIDENTIAL," the producing Party shall, as soon as is reasonably possible after such error has been discovered, notify all receiving Parties that it asserts a claim of privilege or immunity as to the material, and request its return, or that the receiving Party give written assurance that said material has been marked, "CONFIDENTIAL" in the same manner that the disclosing Party would have used. In such event, (i) if no receiving Party challenges such claim of privilege or immunity in writing within 14 days of receiving notice from the producing Party, all copies of such material shall be returned promptly to the producing Party, although all receiving Parties retain all rights, if any, thereafter to challenge

the assertion of privilege or immunity and seek a Court Order requiring disclosure thereof, and (ii) if any receiving Party challenges such claim of privilege by motion filed within 14 days of receiving notice from the producing Party, the receiving Parties may retain the material pending a ruling by the Court on the issue of privilege or immunity provided such retention shall be without prejudice to the claim of privilege or immunity, and pending such ruling, such material shall not be used in discovery proceedings, disclosed to any person or entity, filed with the Court, or used in trial, without leave of Court. If the Court rules the material is privileged, or immune from discovery, the material and all copies shall then promptly be returned to the producing Party.

10. **Return of Information.** At the conclusion of this action the Parties' respective counsel shall, upon written request by another Party, return within 90 days of the request all originals and copies of documents or materials marked as "CONFIDENTIAL" by another Party unless the Court entered an order holding that such material is not subject to this protective order If respective counsel fails to make a written request for the return of Confidential Information within 90 days of the conclusion of this action, their right to do so is waived, and other counsel shall destroy all Confidential Information within 120 days of the conclusion of this action. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index that refers or relates to designated Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential Information. Any retained Confidential Information shall continue to be protected under this Order.

11. **Agreement Survives Termination of Suit.** The terms of this Protective Order shall survive the final termination of this action.

**12.** **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own motion or on motion of a Party or any other person with standing concerning the subject matter.

**13.** **Prior Judicial Determination.** This Order is entered based on the Parties' representations and agreements and for the purpose of facilitating discovery. Nothing in this Order shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rule of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

**14.** **Jurisdiction.** The Court's jurisdiction to enforce the provision of this Order will terminate on the final disposition of this action. But a party may file a motion to seek leave to reopen the action to enforce the provision of this Order.

**IT IS SO ORDERED**

Dated this 14th day of July, 2021.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge