IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JANE DOE, individually and as next friend; and JOHN DOE, a minor;<br><br>Plaintiffs,<br><br>vs.<br><br>LINCOLN PUBLIC SCHOOLS,<br><br>Defendant. | 4:20CV3102<br><br>**ORDER** |

This matter is before the Court on (1) Defendant's Motion to Strike Entry of Appearance of Attorney Jennifer Tomka (Filing No. 44); (2) Defendant's Motion to Strike Plaintiffs' Response to Motion to Strike (Filing No. 48); and (3) Plaintiffs' Motion to Strike Filing by Attorney Terry Waite (Filing No. 50).

**BACKGROUND**

On February 23, 2022, the Court entered an order allowing Plaintiffs' attorneys to withdraw. (Filing No. 35.) Because a party proceeding *pro se* cannot represent others, the Court stayed the proceedings to allow Plaintiffs time to obtain substitute counsel. Plaintiffs were to have substitute counsel enter an appearance by March 25, 2022. Because substitute counsel had not entered an appearance on Plaintiffs' behalf by the deadline set by the Court, Defendant filed a motion to dismiss on March 28, 2022. (Filing No. 39.) On April 3, 2022, Attorney Jennifer Tomka entered an appearance on behalf of Plaintiffs. (Filing No. 43.)

Defendant filed a motion to strike Ms. Tomka's entry of appearance (Filing No. 44) on April 19, 2022, arguing that Ms. Tomka's appearance should be stricken because it was untimely.

Plaintiffs did not respond to the motion. Therefore, on May 9, 2022, the Court entered a show cause order (Filing No. 46) directing Plaintiffs to respond to Defendants' motion to strike no later than May 11, 2022. The show cause order stated that failure to respond would result in a recommendation that sanctions be imposed, which could include dismissal of the suit.

On May 10, 2022, Ms. Tomka finally submitted a response to Defendant's motion to strike. (Filing No. 47.) The problem, however, was that the response was apparently filed using Attorney Terry Waite's electronic filing account. Consequently, Mr. Waite's name was added to the docket sheet indicating that Mr. Waite represented Plaintiffs—when he in fact does not. However, Ms. Tomka's name, not Mr. Waite's, appears on the pleading itself and Ms. Tomka is also named on the docket sheet.

On May 12, 2022, Defendant filed a second motion to strike arguing that Plaintiffs' response to the initial motion to strike should be stricken because the document was filed under Mr. Waite's name. Defendant contends that because Mr. Waite does not represent Plaintiffs, the document should not be accepted as the response to the initial motion to strike required by the show cause order. On May 13, 2022, Ms. Tomka filed a motion to strike the document filed under Mr. Waite's account number. Ms. Tomka explained that she was once in a firm with Mr. Waite and his account was inadvertently used in submitting the document. Ms. Tomka also re-submitted Plaintiffs' response to the initial motion to strike using her filing credentials. (Filing No. 51.)

## DISCUSSION

There is no question that Ms. Tomka did not file an appearance by the deadline established by the Court. As an explanation for her failure to meet the deadline, Ms. Tomka only states that she was unable to meet the deadline due to "extenuating circumstances." (Filing No. 51.) It is unclear what "extenuating circumstances" Ms. Tomka is referring to but, nevertheless, the Court will not strike Ms. Tomka's appearance as a remedy for her failure to meet the Court's deadline. To do so could potentially result in dismissal of claims, which the Court finds is an extraordinary remedy under the circumstances. Ms. Tomka's entry of appearance was only a little over a week late.

Ms. Tomka also inadvertently used Mr. Waite's filing account to submit Plaintiffs' response to Defendant's initial motion to strike. Defendant maintains that Plaintiffs' response

2

should be stricken and, consequently, the case should be dismissed because Plaintiffs failed to comply with the show cause order by submitting a response to the initial motion to strike. Although Ms. Tomka's filing error resulted in Mr. Waite being added to the docket sheet, Defendant was not prejudiced by this mistake. Ms. Tomka's name was on the actual pleading and Defendant was well-aware that Ms. Tomka represented Plaintiffs. Therefore, the Court will not strike this pleading and then deem Plaintiffs to have not responded to the initial motion to strike as required by the show cause order. The Court will, however, order that the docket sheet be modified to reflect that Filing No. 47 was filed in error and that Mr. Waite is not counsel of record.

Ms. Tomka's work in this case has, to date, been sloppy at times. However, the Court does not find Ms. Tomka's errors to be egregious enough to warrant the relief sought by Defendant.

Accordingly,

**IT IS ORDERED:**

1. Defendant's Motion to Strike Entry of Appearance of Attorney Jennifer Tomka (Filing No. 44) is denied.

2. Defendant's Motion to Strike Plaintiffs' Response to Motion to Strike (Filing No. 48) is denied.

3. Plaintiffs' Motion to Strike Filing by Attorney Terry Waite (Filing No. 50) is granted. The Clerk of Court shall strike Filing No. 47 as filed in error. The Clerk of Court shall also remove Mr. Waite's name from the docket sheet and terminate notices to Mr. Waite in this case.

4. Defendant shall advise the Court as to whether it wants to pursue its Motion to Dismiss (Filing No. 39) no later than June 17, 2022. If Defendant wishes to proceed with the motion, Plaintiffs shall submit their response to the motion no later than July 1, 2022. If Defendant decides not to proceed with the motion, the parties shall confer and submit revised case progression deadlines to bazis@ned.uscourts.gov by July 1, 2022.

Dated this 10th day of June, 2022.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge

4