IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JANE DOE, individually and as next friend of JOHN DOE, a minor,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>LINCOLN PUBLIC SCHOOLS,<br><br>　　　　　　Defendant. | 4:20-CV-3102<br><br><br>MEMORANDUM AND ORDER |

　　　This matter is before the Court on the defendant's motion to dismiss or, in the alternative, for judgment on the pleadings. Filing 68. The plaintiff, who is now unrepresented, has not responded to the defendant's motion. *See* NECivR 7.1(b)1)(B); Fed. R. Civ. P. 6(d). The Court will grant the motion and dismiss the complaint.

　　　The plaintiff's complaint alleges a single claim for relief: Violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq*. *See* filing 1. The defendant's motion to dismiss advances two arguments: (1) The plaintiff cannot state a claim under Title IX in her own right, and (2) the plaintiff cannot represent her son's interests acting as a *pro se* litigant. Filing 69. The defendant is right on both points.

　　　First, Title IX provides that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance[.]" § 1681(a). So, the plain text

> provides protection for persons from actions taken "on the basis of sex" only if it causes the prospective plaintiff to be "excluded from

> participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." Therefore, if the action taken "on the basis of sex" against the person did not exclude, deny, or subject the person to discrimination under an education program or activity, then the action cannot be brought under § 1681(a).

*Rossley v. Drake Univ.*, 958 F.3d 679, 684 (8th Cir. 2020). In other words, parents of a student whose rights were violated do not have standing to assert *personal* claims under Title IX. *Roohbakhsh v. Bd. of Trs. of Neb. State Colls.*, 409 F. Supp. 3d 719, 735 (D. Neb. 2019); *see Rossley*, 958 F.3d at 683; *Rowinsky v. Bryan Indep. Sch. Dist.*, 80 F.3d 1006, 1010 n.4 (5th Cir. 1996); *disapproved on other grounds by Davis v. Monroe Cnty. Bd. of Educ.*, 526 U.S. 629 (1999); *cf. Phillips v. Anderson Cnty. Bd. of Educ.*, 259 F. App'x 842, 843 (6th Cir. 2008). And nothing in the plaintiff's complaint alleges that *she* was excluded from, denied the benefits of, or subjected to discrimination under an education program. *See* filing 1. All of the injuries alleged in the complaint were alleged to have been suffered by the plaintiff's son. *See* filing 1 at 7.

Some federal courts have entertained causes of action for parents *on behalf of* their minor children. *Rossley*, 958 F.3d at 683; *Roohbakhsh*, 409 F. Supp. 3d at 735. But that's the defendant's second point: "Non-attorney parents cannot litigate *pro se* on behalf of their minor children, even if the minors cannot then bring the claim themselves." *Crozier for A.C. v. Westside Cmty. Sch. Dist.*, 973 F.3d 882, 887 (8th Cir. 2020); *see Udoh v. Minn. Dep't of Hum. Servs.*, 735 F. App'x 906, 907 (8th Cir. 2018); *Bower v. Springfield R-12 Sch. Dist.*, 263 F. App'x 542 (8th Cir. 2008).

The Court has given the plaintiff every opportunity to retain counsel. *See* filing 23; filing 27; filing 35; filing 55; filing 56; filing 60; filing 62; filing 65.[1] But this case is over two years old and shows little sign of having meaningfully progressed. The case is well past the original summary judgment deadline, *see* filing 16, but the case progression deadlines have been stayed for the last 6 months, filing 35 at 2. The Court has been presented with a meritorious motion to dismiss, and cannot justify ignoring it.[2] Accordingly,

IT IS ORDERED:

1. The defendant's motion to dismiss or, in the alternative, for judgment on the pleadings (filing 68) is granted.

2. The plaintiff's complaint is dismissed without prejudice.

3. A separate judgment will be entered.

Dated this 1st day of November, 2022.

BY THE COURT:

John M. Gerrard
United States District Judge

---

[1] The plaintiff did not ask for appointed counsel. *See Crozier*, 973 F.3d at 889-92.

[2] The Court notes, however, that John Doe's claim survives until four years after he reaches the age of 21. *See Walker v. Barrett*, 650 F.3d 1198, 1205 (8th Cir. 2011) (Title IX claims are governed by the state's personal injury statute of limitations); *Crozier*, 973 F.3d at 888 (use of a state's statute of limitations also requires use of its tolling statutes and in Nebraska, a minor plaintiff's statute of limitations is tolled until the age of 21).